UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

PATRICK JEWELL,

                                Plaintiffs,    **COMPLAINT AND JURY DEMAND**

        -against-

THE CITY OF NEW YORK, POLICE OFFICER ORLEN ZAMBRANO, SHIELD NO. 24202, JOHN DOE COMMANDING OFFICER OF THE BROOKLYN NORTH NARCOTICS DIVISION, JOHN DOE POLICE OFFICERS ##1-8,

                                Defendants.

ECF CASE

CV 12- 2352

MATSUMOTO, J.

AZRACK, M.J.

------------------------------------------------------------------- x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §1983, §1988 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claim arises from a March 23, 2011 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, among other things, false arrest and excessive force.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth and Fourteenth Amendments to the United States Constitution. Pendent party jurisdiction is asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

7. Plaintiff Patrick Jewell is a citizen of the United States and at all times here relevant residing in the City and State of New York.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. All other defendants were at all times here relevant employees of the NYPD, and are sued in their individual and official capacities.

10. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

11. On March 23, 2011, at approximately 9:30 a.m. plaintiff had left his girlfriend's apartment at 135 Vernon Avenue in Brooklyn, NY on his way to the subway. He was smoking a cigarette and he extinguished it before entering the station.

12. As he was about to enter the Myrtle-Willoughby subway station on the "G" line, plaintiff was set upon by whom he later learned was an undercover police officer. The police officer pushed him against the wall and went through plaintiff's pockets to find identification.

13. Other officers arrived on the scene, and they pull a packet of tobacco out of his pocket.

They then pick up the cigarette that he was smoking, which was a tobacco cigarette. One of the officers remarked "this wasn't it".

14. Plaintiff was arrested for possession of a vial with crack residue inside of it. The police claimed it was in his possession. Plaintiff did not have and did not possess any vial or any crack or any illegal substance whatsoever.

15. Plaintiff was charged with possession of crack cocaine and was detained for approximately 24 hours. All charges were dismissed.

16. At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

17. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

18. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a. Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person and home;

    b. Violation of his right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

    d. Violation of his New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

e. Violation of his New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

f. Economic and special damages, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, and anxiety; and

h. Loss of liberty.

## FIRST CAUSE OF ACTION
(42 USC § 1983)

19. The above paragraphs are here incorporated by reference.

20. Defendants acted under color of law and conspired to deprive plaintiffs of their civil, constitutional and statutory rights to be free from unreasonable search and seizure, specifically, plaintiff's right to be free from false arrest and false imprisonment, and use of excessive force, and due process of law, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and are liable to plaintiff under 42 U.S.C. §§1983 and §§ 6 and 12 of the New York State Constitution.

21. Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
(MUNICIPAL AND SUPERVISORY LIABILITY)

22. The above paragraphs are here incorporated by reference.

23. The City and the Inspector are liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants.

24. The City, and the John Doe Commanding Officer knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts

detailed above.

25. The aforesaid event was not an isolated incident. The City and the John Doe Commanding Officer have been aware for some time (from lawsuits, criminal trials of police officers, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of their police officers are insufficiently trained on how to avoid the use of excessive force during an arrest. The City and the John Doe Commanding Officer are further aware, from the same sources, that NYPD officers routinely assault citizens without fear of reprisal. In addition, from the same sources, the City and the John Doe Commanding Officer upon information and belief, have instituted arrest quotas for minor arrests, such as possession of marijuana, that put pressure on police officers to make such arrests regardless of the merits of the arrest. Indeed, according to news sources officers at the 79th Precinct under the John Doe Commanding Officer's command have been given lower performance evaluations for complaining about unfair summonses quotas. Furthermore, the City and the John Doe Commanding Officer are aware, from the same sources, that police officers routinely plant contraband on arrestees to justify minor drug arrests. The City and the John Doe Commanding Officer fail to monitor and discipline officers for not reporting fellow officers' misconduct that they have observed, and they fail to monitor and discipline officers for making false statements to disciplinary agencies. Further, there is no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper force is practiced and incredible testimony goes uncorrected. Additionally, the City and the John Doe Commanding Officer have isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. The City is aware that all

of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City and the John Doe Commanding Officer, have failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiff's civil rights, without fear of reprisal.

26. The City and the Inspector knew or should have known that the officers who caused plaintiff injury had a propensity for the type of conduct that took place in this case. Nevertheless, the City and John Doe Commanding Officer failed to take corrective action.

27. The City and the John Doe Commanding Officer have failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

28. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City, and the Inspector to the constitutional rights of persons within New York City, and were the cause of the violations of plaintiff's rights here alleged.

29. Defendants the City and the John Doe Commanding Officer have damaged plaintiff by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving police misconduct.

30. Plaintiff has been damaged as a result of the wrongful, grossly negligent and illegal acts of the City and the John Doe Commanding Officer.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A.   In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's

causes of action;

  B. Awarding plaintiff punitive damages in an amount to be determined by a jury;

  C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

  D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: Brooklyn, New York
    May 8, 2012

TO: New York City
  Corporation Counsel Office
  100 Church Street, 4th floor
  New York, NY 10007

  P.O. Orlen Zambrano
  Brooklyn North Narcotics Division
  83rd Pct.
  480 Knickerbocker Avenue
  Brooklyn, NY

Yours, etc.,

*/s/ Leo G.*

Leo Glickman, Esq.
Bar #LG3644
Attorney for Plaintiff
475 Atlantic Ave. 3rd Flr.
Brooklyn, NY 11217
(718) 852-3710
lglickman@stollglickman.com

7